2025 IL App (1st) 252062-U

No. 1-25-2062B

Third Division
December 16, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 25 CR 10471 |
| v. | ) ) | The Honorable |
| LARON NELSON, | ) ) | Paul Pavlus, Judge Presiding. |
| Defendant-Appellant. | ) ) | |

_____

JUSTICE REYES delivered the judgment of the court.
Justices Lampkin and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held:* The circuit court's pretrial detention of defendant is reversed, where the State failed to establish that pretrial detention is appropriate. The matter is remanded to the circuit court for a hearing to determine appropriate conditions of pretrial release.

¶ 2    Defendant Laron Nelson appeals from the circuit court's order detaining him before trial, pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq.* (West 2024)), as amended by Public Acts 101-652 and 102-1104 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). On appeal, defendant contends that the

State failed to establish the requirements for pretrial detention. For the reasons that follow, we reverse the circuit court's order.

¶ 3                                                         BACKGROUND

¶ 4        On August 13, 2025, defendant was arrested and subsequently charged by felony complaint with four counts of delivery of cocaine (720 ILCS 570/401(c)(2) (West 2024)), one count of possession with intent to deliver cocaine (*id.* § 401(a)(2)(A)), one count of possession of cocaine (*id.* § 402(a)(2)(A)), and one count of unlawful possession of a firearm by a felon (720 ILCS 5/24-1.1 (West 2024)), in addition to one misdemeanor count of unlawful possession of firearm ammunition (430 ILCS 65/2(a)(2) (West 2024)).[1] The State filed a petition for pretrial detention, alleging that (1) the proof was evident or the presumption was great that defendant had committed a detainable offense, namely, unlawful possession of a firearm by a felon, (2) defendant posed a real and present threat to the safety of any person or persons or the community, and (3) no condition or combination of conditions could mitigate those risks.

¶ 5        The parties appeared before the circuit court for a hearing on the State's petition and the State's proffer established that, in July 2025, detectives with the Evanston Police Department received information that defendant was using a cell phone to arrange cocaine sales in the area of Main Street and Elmwood Avenue in Evanston. An undercover officer purchased crack cocaine from defendant on four separate occasions, purchasing 1 gram on July 23, 2.5 grams on July 25, 0.9 grams on August 8, and 2.6 grams on August 12. The transactions were recorded through video surveillance. As a result, a residential search warrant was executed at

---

[1] The charges against defendant were ultimately superseded by indictment, and defendant is currently charged with one count of delivery of cocaine (720 ILCS 570/401(a)(2)(A) (West 2024)), one count of possession of cocaine (*id.* § 402(a)(2)(A)), and one count of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2024)).

defendant's address on August 13. Police located defendant's bedroom, which they determined was his based on the presence of his wallet inside. Inside the bedroom, they discovered 27.8 grams of crack cocaine, as well as a .22-caliber revolver loaded with five rounds underneath the mattress. Defendant, however, did not possess a Firearm Owners Identification Card (FOID card) or concealed carry license (CCL), and had a prior felony conviction for possession of a controlled substance.

¶ 6        In addition to the proffer as to the events leading to defendant's arrest, the State set forth the details of defendant's prior criminal history. Defendant had three felony convictions for possession of a controlled substance in 2011, 2009, and 2005, as well as two misdemeanor criminal trespass convictions from 2008.

¶ 7        Defendant's pretrial services public safety assessment returned a "no" on the "new violent criminal activity" flag, as well as a score of three (of six) on the "new criminal activity" scale and a three (of six) on the "failure to appear" scale and recommended "Pretrial Supervision Level 2."

¶ 8        In response, defense counsel contended that the State had not established that the proof was clear that defendant had committed the alleged offense. Defense counsel noted that defendant was not inside the residence at the time the police executed the search warrant. The owner of the property, who was present, informed police that she also used that bedroom, that she had never observed defendant in possession of any weapon, and that she owned a firearm and possessed both a FOID card and a CCL. Defense counsel contended that defendant was not the owner of the residence, nor were there any lease documents or utility bills tying him to it. Additionally, there was another individual who regularly stayed there. Counsel further

maintained that defendant never made any statements claiming ownership of the weapon or the drugs, and there were no fingerprints on the weapon.

¶ 9 Defense counsel also contended that there were a number of pretrial conditions short of detention which would be appropriate. Counsel stated that defendant was 41 years old, was engaged and had three children, had an eleventh grade education, and was paralyzed with a number of medical conditions. The record on appeal indicates that defendant was paralyzed from the waist down after being shot in 2013. Accordingly, counsel argued that the State had failed to satisfy its burden for pretrial detention.

¶ 10 After considering the parties' arguments, the circuit court entered an order granting the State's petition for pretrial detention. The circuit court found that the State had shown, by clear and convincing evidence, that the proof was evident or the presumption was great that defendant had committed a detainable offense under section 110-6.1(a) of the Code, namely, unlawful possession of a weapon by a felon, and that defendant posed a real and present threat to the safety of the community which could not be mitigated by conditions short of pretrial detention. Accordingly, the circuit court ordered defendant to be detained and remanded to the custody of the Cook County sheriff pending trial.

¶ 11 On September 2, 2025, defendant filed a petition for relief from detention pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024), contending that pretrial detention was inappropriate. In part, defendant pointed to the fact that he was disabled—as he was paralyzed from the waist down, had a caretaker caring for him five days a week, and utilized a catheter—and maintained that he "has significant medical issues which need constant attention and place him at severe risk" while in the custody of the sheriff. Defendant further claimed that his lack of prior violent criminal history and the nature and circumstances of the charged

offenses demonstrated that he did not pose any danger to a specific person or to the community and, to the extent there was any danger, pretrial conditions were available to mitigate such risk. Finally, defendant argued that there was no indication that he would fail to abide by the circuit court's orders, and maintained that "the further detention of the Defendant is oppressive, and unnecessary."

¶ 12    The parties came before the circuit court on defendant's petition on September 24, 2025, where the circuit court[2] reaffirmed its prior findings that pretrial detention was necessary. This appeal follows.

¶ 13                                   ANALYSIS

¶ 14    On appeal, defendant contends that the State failed to establish several of the requirements for pretrial detention. The Act provides that "[a]ll defendants shall be presumed eligible for pretrial release." 725 ILCS 5/110-6.1(e) (West 2024). A defendant, however, may be denied pretrial release if the State establishes that (1) the proof is evident or the presumption is great that the defendant has committed a qualifying detainable offense, (2) the defendant poses a real and present threat to the safety of any person or persons or of the community, and (3) no condition or combination of conditions can mitigate the threat to the safety of any person or persons or of the community. *Id.*

¶ 15    The State has the burden of proving each of the three elements by clear and convincing evidence (*id.*), which has been defined as "that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question" (internal quotation marks omitted) (*People v. Watkins-Romaine*, 2025 IL App (1st) 232479-B, ¶ 23).

---

[2] The judge who heard defendant's petition for relief was not the same judge who initially ordered defendant's pretrial detention.

All three elements must be established before pretrial detention may be imposed, and the failure to prove any one of the requirements means that "the presumption of release remains, and detention is unlawful." *People v. Sorrentino*, 2024 IL App (1st) 232363, ¶ 32; see also *People v. Perez*, 2025 IL App (5th) 250554-U, ¶ 22; *People v. Jones*, 2024 IL App (2d) 230535-U, ¶ 19. Our supreme court has instructed that where the parties proceed solely by proffer, as in this case, "the reviewing court is not bound by the circuit court's factual findings and may therefore conduct its own independent *de novo* review" of the evidence. *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 16    On appeal, defendant challenges the circuit court's finding on the latter two elements—dangerousness and the availability of less-restrictive pretrial conditions—contending that the State failed to establish either element by clear and convincing evidence. As the question of whether there are any pretrial conditions which could mitigate the threat posed by defendant necessarily involves an assessment of that threat, we begin with a consideration of the element of dangerousness.

¶ 17    The Act sets forth a nonexhaustive list of factors a court may consider in determining whether a defendant poses a real and present threat to the safety of any persons or the community, including (1) the nature and circumstances of any offense charged, (2) the history and characteristics of the defendant, (3) the identity of any person to whose safety the defendant is believed to pose a threat and the nature of that threat, (4) any statements made by the defendant and the circumstances surrounding them, (5) the age and physical condition of the defendant, (6) the age and physical condition of any victim, (7) whether the defendant is known to possess or have access to any weapon, (8) whether the defendant was on probation, parole, or other release from custody at the time of the current offense, and (9) "[a]ny other factors

*** deemed by the court to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior." 725 ILCS 5/110-6.1(g) (West 2024).

¶ 18         During the hearing on its petition for pretrial detention, the State did not make any argument concerning the applicability of any of the above factors, proffering only the events of the charged offenses and defendant's criminal history. Similarly, in granting the State's petition, the circuit court did not address any of the factors, again referring only to the events of the charged offenses and defendant's criminal history. In the State's memorandum in response to defendant's appeal, the State nevertheless contends that the circuit court's finding of dangerousness was appropriate where defendant is a convicted felon with multiple felony convictions who possessed a firearm despite being prohibited from doing so. The State maintains that his possession of a loaded firearm demonstrated his willingness to flout the law and suggests that "the fact that defendant sold illegal narcotics and possessed a gun could lead a reasonable trier of fact to conclude that he had the gun to protect his drugs, which also shows his dangerousness." After considering the relevant factors set forth in the Act, we cannot agree that the State established, by clear and convincing evidence, that defendant posed a real and present threat to the safety of any persons or to the community.

¶ 19         As to the nature and the circumstances of the charged offenses, the record on appeal demonstrates that defendant, on four occasions, sold crack cocaine to an undercover police officer in amounts ranging from 0.9 to 2.6 grams. The State did not claim that the officer observed a firearm during the course of any of these transactions. As a result of the drug sales, the police obtained a search warrant for defendant's alleged residence in connection with its narcotics investigation. Defendant was not inside the residence at the time the search warrant

7

was executed. Inside the residence, in a bedroom containing defendant's wallet, police discovered 27.8 grams of crack cocaine, as well as a .22-caliber revolver loaded with five rounds underneath the mattress. Defendant never made any statements regarding ownership of either the firearm or the drugs, and the State did not recover any fingerprints from the weapon. The owner of the residence, however, who was also defendant's romantic partner, informed police that she had never observed defendant in possession of any weapon, that she also used that bedroom, that she owned firearms, and that she possessed both a FOID card and a CCL. The record does not reveal whether the police asked the owner of the residence whether the firearm under the bed belonged to her.

¶ 20    With respect to the factors concerning the defendant's history, characteristics, and physical condition, the record establishes that defendant's prior criminal history consisted of three felony convictions for possession of a controlled substance and two misdemeanor convictions for criminal trespass. The most recent of those convictions was his 2011 possession conviction, for which he was sentenced to 30 months' probation. None of his convictions, as proffered by the State, involved firearms or violence. In addition, two of his felony convictions resulted in sentences of probation, and the State did not allege that probation was terminated unsuccessfully. With respect to defendant's physical condition, we also find highly relevant the fact that defendant has been paralyzed from the waist down since 2013, requiring a caretaker to visit five times a week, as well as the use of a catheter, as his limited mobility may affect the threat he poses to others.

¶ 21    In sum, examining the entirety of the record on appeal, the evidence demonstrates that defendant does not have a history of violence, nor was he observed in actual possession of the firearm recovered in the instant case, either at the time of his arrest or during the drug

transactions which led to the issuance of the search warrant. Moreover, another occupant of the same residence admitted to legally possessing firearms and informed police that she had never observed defendant in possession of any weapon. To the extent that defendant has a criminal history, it consists solely of nonviolent offenses, with the most recent offense occurring 14 years ago. Defendant is also paralyzed from the waist down and uses a wheelchair. Other than the fact that defendant is a felon who is alleged to have possessed a firearm, we are hard-pressed to identify any other factor which would suggest that defendant poses a real and present threat to the safety of any persons or to the community.

¶ 22        We further observe that the cases cited by the State in support of its argument concerning dangerousness involve a defendant's prior history of firearm-related or violent offenses being used to support a finding of dangerousness. See *People v. Mancilla*, 2024 IL App (2d) 230505, ¶ 29 (finding the defendant's "criminal history, particularly prior felonies involving firearms," to demonstrate dangerousness); *People v. Davis*, 2023 IL App (1st) 231856, ¶ 28 (noting the defendant was "a felon convicted of a violent offense" in support of the dangerousness finding). As noted, however, defendant's prior history includes neither firearm-related nor violent offenses. Furthermore, while the State may ultimately be correct that defendant possessed a firearm "to protect his drugs," on the record before us at this early stage of the proceedings, such a claim is mere speculation, as defendant was not observed to have a weapon during the drug sales, nor was a firearm found on his person. The evidence presented by the State did not demonstrate, by clear and convincing evidence, that defendant poses a real and present threat to any persons or to the community and, consequently, pretrial detention was inappropriate.

¶ 23   We also find pretrial detention inappropriate where the record does not demonstrate that no less-restrictive conditions are available to mitigate any risk posed by defendant. Again, the State did not present any argument on this point during the hearing on its detention petition, nor did the circuit court address any of the factors listed in section 110-10(b) of the Act to determine whether there were available pretrial conditions. See 725 ILCS 5/110-6.1(e), 110-10(b) (West 2024). The State's sole arguments in its memorandum in response to defendant's appeal are (1) that defendant has demonstrated a willingness to flout the law by selling illegal narcotics and by illegally possessing a firearm and (2) that electronic monitoring would still provide defendant with limited movement during which he could obtain a firearm. Under defendant's particular circumstances, however, we do not find these arguments persuasive. Defendant's prior history does not suggest that he would fail to comply with court orders and, as defense counsel notes in its memorandum on appeal, defendant's physical condition provides him with a significant incentive to minimize his potential sentence through compliance. In addition, defendant's physical condition would likely make monitoring his whereabouts simpler, as his mobility is limited, and defendant suggested below that he has a different residence available to him, other than the residence in which the firearm was recovered. We therefore cannot find that the State established, by clear and convincing evidence, that no less-restrictive conditions were available which would mitigate any risk posed by defendant.

¶ 24                                   CONCLUSION

¶ 25   For the reasons set forth above, the circuit court's pretrial detention of defendant is reversed, where the State failed to establish that pretrial detention is appropriate. The matter is

remanded to the circuit court for a hearing to determine appropriate conditions of pretrial release.

¶ 26        Reversed and remanded.